UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTORIA BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-315-SDD-RLB** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **CONSOLIDATED FOR DISCOVERY AND PRETRIAL RELATED PURPOSES WITH: CV 17-317-JWD-RLB** |
| | **This Order Pertains to NO. 17-315-SDD-RLB** |

## **ORDER**

Before the Court is Defendants' Motion to Compel Independent Medical Examination (R. Doc. 14) filed on July 30, 2018. The deadline for filing an opposition has not expired. LR 7(f).

Defendants seek an order for an examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Defense counsel represents that he requested that Plaintiff undergo an independent medical examination ("IME") on June 29, 2018, but "it was made apparent that plaintiff would not undergo such examination without court order." (R. Doc. 14-2).

Pursuant to Local Rule 26(d)(1), "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). The deadline for completing all non-expert discovery expired on February 15, 2018, the deadline for completing expert discovery expired on June 15, 2018, and the deadline to file dispositive motions and Daubert motions expired on July 16, 2018. (R. Doc. 12).

Defendants provide no explanation for filing the instant motion after the close of discovery. The record indicates that defense counsel did not request an IME until June 29, 2018, well after the close of both non-expert and expert discovery. Defendants suggest that they "have become aware of substantial prior injuries to plaintiff's neck" after Plaintiff provided responses to written discovery. (R. Doc. 14-1 at 2). Defendants do not, however, identify when such information was obtained, particularly whether it was obtained after the close of discovery despite the diligence of Defendants. Furthermore, Defendants reference two "exhibits" that are not attached to the instant motion.

As a discovery tool, Rule 35 examinations are subject to the Court's discovery deadlines. One Court of Appeals has even upheld the denial of a Rule 35 order sought after the close of non-expert discovery where it was *foreseeable* that the plaintiff's expert would provide a "life plan" *after* the close of discovery. *Miksis v. Howard*, 106 F.3d 754, 758 (7th Cir. 1997) (upholding the denial of Rule 35 motion where defendants did not move for examination until more than four months after discovery deadline, defendants knew that they would not receive plaintiff's expert's proposed opinions until after the close of discovery, and plaintiff's need for a life plan was clearly foreseeable given the nature of the plaintiff's injuries); Charles Alan Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2234 (3d ed.) ("*Except for the discovery cut-off*, there is no time limit on when a motion for a physical or mental examination can be made.") (emphasis added).

Having found no exceptional circumstances to order an untimely Rule 35 examination based on the assertions in the instant motion, the Court will deny the instant motion as untimely. *See* LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably

dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel Independent Medical Examination (R. Doc. 14) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 13, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**